CAN–AM CORP., et al. Plaintiffs,

v.

The UNITED STATES, Defendant,

and

Industrias Quimicas De Yucatan, S.A., Intervenor.

Court No. 84–10–01411.

United States Court of International Trade.

June 28, 1985.

---

Squire, Sanders & Dempsey, Ritchie T. Thomas and William D. Kramer, Washington, D.C., for plaintiffs.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Commercial Litigation Branch, Platte B. Moring, III, Washington, D.C., for defendant.

Brownstein, Zeidman and Schomer, David R. Amerine and Irwin P. Altschuler, Washington, D.C., for defendant-intervenor.

## Memorandum Opinion and Order

DiCARLO, Judge:

Intervenor moves to sever and dismiss on jurisdictional grounds parts of plaintiffs'

1. Plaintiffs contend that the government of Mexico provides the heavy fuel oil used by Mexican lime producers to fire their kilns at a price that is about one-eighth of the market value of the fuel. Plaintiffs argue that fuel and power account for about 60% of the cost of producing lime, and that this practice confers an enormous subsidy on the Mexican lime industry.

2. Section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a (1982), providing for judicial review in countervailing duty proceedings, was amended by the Trade and Tariff Act of 1984 (1984 Trade Act), Pub.L. No. 98–573, § 623(a), 98 Stat. 2948, 3040 (1984). The amendments made the 1984 Trade Act apply with respect to

complaint contesting the International Trade Administration's (ITA) decision not to investigate an alleged first-level fuel oil subsidy (fuel subsidy)[1] provided to Mexican lime producers. Defendant joins plaintiffs in opposing the motion.

In March 1984, plaintiffs, domestic lime producers and unions representing lime industry workers, filed a countervailing duty petition with the ITA alleging that the government of Mexico gives manufacturers, producers, and exporters of lime "bounties or grants" within the meaning of section 303 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1303 (1982), and requested that countervailing duties be imposed on imports of lime from Mexico.

In April 1984, the ITA began an investigation of seventeen programs and decided not to investigate four others, including the fuel subsidy. 49 Fed.Reg. 15,011 (Apr. 16, 1984).

In September 1984, the ITA published a final affirmative countervailing duty determination and order. The ITA stated that it did not investigate the fuel subsidy "because it has previously been found not to confer a bounty or grant, and petitioners did not allege new facts to justify a review of this finding." *Final Affirmative Countervailing Duty Determination and Countervailing Duty Order; Lime from Mexico*, 49 Fed.Reg. 35,672, 35,677 (Sept. 11, 1984).

Plaintiffs brought this action under 19 U.S.C. § 1516a(a)(2)(A)(i)(II)[2] within thirty

civil actions pending on October 30, 1984. 1984 Trade Act, § 626(b)(2), 98 Stat. at 3042. This action was initiated on October 11, 1984, and is, therefore, governed by the 1984 Trade Act.

19 U.S.C. § 1516a(a)(2) provides for review:
(A) In general.—Within thirty days after—
(i) the date of publication in the Federal Register of—
. . . .
(II) an antidumping or countervailing duty order based upon any determination described in clause (i) of subparagraph (B)
. . . .
(B) Reviewable determinations.—The determinations which may be contested under subparagraph (A) are as follows:

days of publication of the countervailing duty order. Plaintiffs challenge six parts of the final affirmative determination, including the ITA's failure to investigate the fuel subsidy.

The question presented by the motion is whether the ITA's April 1984 decision not to initiate a fuel subsidy investigation was a final determination under section 1516a(a)(1)(A) that had to be challenged within thirty days of its publication in the Federal Register.[3]

Reviewable under Section 1516a(a)(1)(A) [4] is a determination not to initiate an investigation under 19 U.S.C. 1671a(c) (1982). Section 1671a(c) provides in part:

Within 20 days after the date on which a petition is filed ... the administering authority shall—

....

(2) if the determination is affirmative, commence an investigation to determine whether a subsidy is being provided with respect to the class or kind of merchandise described in the petition, and provide for the publication of notice of the determination to commence an investigation in the Federal Register, and

(3) *if the determination is negative, dismiss the petition, terminate the proceeding*, notify the petitioner in writing of the reasons for the determination, and provide for the publication of notice of the determination in the Federal Register.

(Emphasis added).

The plain meaning of the provision contemplates a single affirmative determination to begin or a negative determination not to begin an investigation with respect to the class or kind of merchandise described in the petition.

In this case, the petition was not dismissed or the proceeding terminated. Rather, the ITA published a notice titled *Lime from Mexico: Initiation of Countervailing Duty Investigation*, 49 Fed.Reg. 15,011. The ITA's refusal to investigate the fuel subsidy was not a negative determination within the meaning of section 1671a(c)(3) but a negative part of an affirmative determination to commence an investigation pursuant to section 1671a(c)(2).

Since review under 19 U.S.C. § 1516a(a)(1)(A) requires a determination not to initiate an investigation, review was not available to the plaintiff under that section in April 1984.

Congress provided for review of any negative part of final affirmative determinations within thirty days after publication in the Federal Register of the final duty order. 19 U.S.C. § 1516a(a)(2)(A)(i)(II).

If there was any doubt as to whether an appeal from negative parts of an affirmative determination was permissible, Con-

(i) Final affirmative determinations by the administering authority and by the Commission under section 1671d or 1673d of this title, including any negative part of such a determination (other than a part referred to in clause (ii)).

**3.** Intervenor analogizes to *Republic Steel v. United States*, 4 CIT 17 (1982), which held that a preliminary finding that a particular program is not a subsidy was a "negative determination", which may be appealed interlocutorily under 19 U.S.C. § 1516a(a)(2)(B)(ii), *repealed by* 1984 Trade Act § 623a, 98 Stat. at 3040–41. The Court found preliminary determinations under the former section 1671b(b) to be made up of a "series of discreet and severable determinations." 4 CIT at 19.

*Republic Steel* is inapposite to the issue before this Court because: the provision heavily relied upon by the Court in *Republic Steel* as demonstrating Congressional intent to allow interlocu-

tory appeals, the former section 1516a(a)(1)(B), was repealed by the 1984 Trade Act; the vitality of the holding may be questioned in light of *Bethlehem Steel Corp. v. United States*, 742 F.2d 1405, 1411 (Fed.Cir.1984) and; plaintiffs challenged a preliminary determination under section 1671b, not a decision to initiate an investigation under section 1671a.

**4.** 19 U.S.C. § 1516a(a) provides in part:

(1) Within 30 days after the date of publication in the Federal Register of—

(A) a determination by the administering authority, under section 1671a(c) ... of this title, not to initiate an investigation....

Intervenor contends that the ITA's decision not to investigate this subsidy may not be reviewed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and that the Court lacks jurisdiction pursuant to 28 U.S.C. § 1581(c) over that part of plaintiff's complaint challenging this decision.

gress resolved it when it set forth as among the purposes of the 1984 Trade Act:

(1) *Eliminat[ion of] all interlocutory judicial review by the U.S. Court of International Trade during the course of CVD [countervailing duty] and AD [antidumping] investigations. All challenges to agency determinations would be combined and reviewable by the court after final agency action has been taken* [and the]

(2) Clarifi[cation of] when negative portions of affirmative determinations may be reviewed: any part of a final affirmative determination by the administering authority which specifically excludes any company or product may, at the option of the appellant, be treated as a final negative determination; and may be subject to appeal within 30 days of publication; *other negative aspects of an affirmative determination would be appealable within 30 days after publication of a final order....*

H.Rep. No. 1156, 98th Cong., 2d Sess. 178–79 (1984) U.S.Code Cong. & Admin.News 1984, 4910, 5295, 5296 (emphasis added).

The Court finds Congress clearly expressed its intention to permit judicial review of negative parts of affirmative determinations after publication of a final duty order, except for those final determinations excluding a company or product. Prior judicial review would be "interlocutory" and premature. Were the Court to require plaintiffs to appeal negative parts of a decision to initiate an investigation before issuance of the duty order, petitioners would have to prosecute an appeal and participate in an ongoing administrative proceeding at the same time. This is contrary to the intent of Congress.

Even before enactment of the 1984 Trade Act, Congress preferred all challenges to an administrative proceeding to be brought at one time. Under the Trade Agreements Act of 1979, which permitted some interlocutory appeals, a plaintiff was permitted to wait until the countervailing duty order to challenge negative aspects of affirmative determinations pursuant to 19 U.S.C.

§ 1671d (1982). *See Bethlehem Steel Corp. v. United States,* 742 F.2d 1405, 1411 (Fed.Cir.1984). Under the 1979 Act, Congress permitted interlocutory appeals only where delay "could make an ultimate resolution of an issue in a party's favor irrelevant because of the irreversible damage suffered during the interim period." S.Rep. No. 249, 96th Cong., 1st Sess. 245 (1979), U.S.Code Cong. & Admin.News 1979, 381, 631. *See Bethlehem, supra.*

Plaintiffs have followed the statutory scheme. The motion is denied. So ordered.